IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDA COULTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 06-0132-CG-B |
| | ) |
| **J.C. PENNEY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant, J.C. Penney, Inc., for summary judgment (Doc. 29), plaintiff's response thereto (Docs. 36, 37), and defendant's reply (Doc. 38). The court finds that plaintiff's complaint was filed after the expiration of the statute of limitations and is, therefore, time-barred. The court further finds that plaintiff has failed to present evidence that defendant had actual or constructive notice of the allegedly dangerous condition. Therefore defendant's motion is due to be **GRANTED**.

## FACTS

Plaintiff filed this action on January 24, 2006, alleging she suffered injuries when she fell while going up an escalator at a J.C. Penney store. The complaint alleges negligent and wanton design, construction, and or maintenance of the escalator. Plaintiff has offered no evidence or argument to support a claim of negligent or wanton design or construction of the escalator and the court, therefore, deems them to be abandoned.[1] Defendant contends that summary judgment

---

[1] "In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing

1

is due to be granted in its favor because plaintiff filed suit after the two-year statute of limitations expired and, alternatively, because there is no evidence that defendant had actual or constructive notice of any defect or malfunction in the elevator.

The parties disagree as to the date of the accident. Plaintiff alleges that the accident occurred on January 24, 2004. Plaintiff says she knows it was on the 24th or 25th because it was a few days before her husband's birthday and because she has a J.C. Penny receipt showing purchases on the 24th. (Coulter Depo. p. 28; Coulter Affid. p. 2, Ex. A). The receipt shows a charge on a J.C. Penny's charge card that does not belong to plaintiff. (Coulter Depo. p. 31). The receipt indicates that purchases in the amount of $285.47 were made on January 24, 2004, at 4:24 p.m. Some of the individual purchases on the receipt are circled and initialed with the date 1-30-04 written next to them. J.C. Penney's accident report for the incident is dated January 17, 2004. (Fikes Affid. Ex. A). The accident report was not signed by the plaintiff. The date of the accident is also evidenced by a letter to J.C. Penny from AIG Claim Services, Inc., confirming receipt of a new liability claim regarding plaintiff's fall. The general liability new claim acknowledgement letter is dated January 21, 2004 and lists the date of the loss as 01/17/2004. (Fikes Affid. Ex. F).

On the date of the incident, plaintiff and her husband went to J.C. Penney's to return some curtains. (Coulter Depo. pp. 31, 33). Plaintiff is not sure, but thinks the circled and initialed portions of the January 24, 2004, receipt show where she and her husband returned the

---

Ryan v.Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

curtains. (Coulter Depo. p. 39). Plaintiff testified that she was about halfway up the escalator and stepped up with her right foot to the next step and slipped on grease. (Coulter Depo. pp. 42, 47). The incident was immediately reported to store personnel. (Coulter Depo. pp. 43-44). According to plaintiff, she is very careful, and looked at the steps in front of her as she rode the escalator, but that the escalator seemed to be running normally and she noticed nothing unusual about the steps. (Coulter Depo. pp. 49, 53, 60-61, 74). She did not see any grease or oil until after she got up and noticed grease on her hands and pants. (Coulter Depo. pp. 62, 63, 65, 68-69).

Defendant submitted an expert report from Larry Johnson, the technician who regularly services, maintains, and repairs the escalators at the J.C. Penney store. Mr. Johnson performed at least monthly examinations of the escalators at the store and responded as needed to calls from J.C. Penney. (Johnson Affid.). According to Johnson, there were no problems, defects, or deficiencies with respect to the design, construction, or maintenance of the escalator at the J.C. Penney store. (Johnson Affid.). Mr. Johnson also did not see any materials which would indicate a problem, defect or deficiency with the escalator and was not aware of any problem, defect, or deficiency which could have caused the injury of which plaintiff complains. (Johnson Affid.).

## LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."   The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).   "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604,

608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Statute of Limitations**

Plaintiff asserts that the incident occurred on January 24 or 25, 2004, and that the lawsuit, filed on January 24, 2006,  was therefore filed  within the applicable two-year statute of limitations.  ALA.CODE § 6-2-38(1).  In support, plaintiff submitted the sworn affidavit of plaintiff and a sales receipt dated January 24, 2004.  Plaintiff contends that her affidavit and receipt demonstrate that there is a material issue of fact concerning the date of plaintiff's fall.  However, plaintiff's memory of the date is vague and is based at least partially on the date of a receipt which she admits is not her own.  Plaintiff believes the circled portions of the receipt represent the curtains she and her husband returned the day of the incident.  However, the date written next to the circled portions indicates that the return of the circled items occurred on January 30, 2004.  It is not even clear who made the purchases and returns listed on the receipt since they were apparently not made by plaintiff.[2]  The court finds that the receipt does not support plaintiff's contention.

---

[2] The receipt indicates the purchases were made with a J.C. Penney charge card and plaintiff acknowledges that she has none.

Conversely, there is strong evidence that the incident occurred on January 17, 2004. The incident report prepared by J.C. Penney's Loss Prevention Manager[3] lists January 17, 2004, as the date of the incident. Plaintiff points out that the incident report was not signed by plaintiff. Plaintiff apparently believes the incident report was inaccurately drafted or was altered later to support defendant's defense. However, the claim acknowledgment letter from AIG does not suffer from the same potential credibility problem. Not only does the letter list the date of the incident as January 17, 2004, but the letter itself was dated January 21, 2004, three or four days before plaintiff claims the incident occurred. Defendant could not have reported the incident as a possible claim to its insurance company before the incident occurred. The court finds that there is not sufficient evidence favoring plaintiff's version for a jury to find that the incident occurred after January 21, 2004, the date of the AIG letter. Because the evidence is so one-sided, the court finds that the evidence does not present a sufficient disagreement to require submission to a jury. Plaintiff filed suit on January 24, 2006, after the two-year statute of limitations expired, and her suit is therefore, time barred.

**C. Notice Evidence**

Even if plaintiff's suit were not time-barred, the court finds that plaintiff has failed to present evidence that defendant had actual or constructive notice of any defect or malfunction in the escalator. Defendant "will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner." Hose v. Winn-Dixie Montgomery, Inc., 658 So2d. 403, 404 (Ala. 1995). To recover, plaintiff must show that the store had actual or constructive notice of the presence of the offending substance. Vargo v. Warehouse Groceries Management, Inc., 529 So.2d 986, 986 (Ala. 1988) (affirming summary judgment where there was no evidence that

---

[3] The loss prevention manager testified that "[t]he date and time of the accident are accurate. It was important to me as the Loss Prevention Manager to make sure that I correctly recorded information, especially the date of an accident." Affidavit of Chris Fikes.

employees knew the water was on the floor or that it had been there such a length of time as to impute constructive notice).  Plaintiff argues that the fact that plaintiff had thick grease on her hands and pants after the fall leaves open the possibility that the grease had been on the escalator long enough that defendant should have known about the condition.  However, plaintiff herself testified that she looked at the steps in front of her as she rode the escalator but saw no grease or oil.  Plaintiff also admitted that the escalator seemed to be running normally and that she noticed nothing unusual about the steps.  There is no evidence that anyone noticed any grease on the escalator or that any other accidents occurred on the escalator at any relevant time.  There is no evidence from which a jury could infer that the grease had been on the escalator long enough to raise a duty for the defendant to discover and remove it.  Therefore, the court finds that plaintiff has failed to present evidence that defendant had actual or constructive notice of the allegedly dangerous condition, and, therefore, that summary judgment is due to be granted in favor of defendant.

## CONCLUSION

For the reasons stated above, the motion of defendant, J.C. Penney, Inc., for summary judgment (Doc. 29) is **GRANTED**.

**DONE** and **ORDERED** this 23rd day of April, 2007.

  /s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE