**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|                                         |     |                                  |
|-----------------------------------------|-----|----------------------------------|
| **FREDA COULTER,**                      | )   |                                  |
|                                         | )   |                                  |
|     **Plaintiff,**  | )   |                                  |
|                                         | )   |                                  |
| **vs.**                                 | )   | **CIVIL ACTION NO. 06-0132-CG-B**|
|                                         | )   |                                  |
| **J.C. PENNEY CORPORATION, INC.,**      | )   |                                  |
|                                         | )   |                                  |
|     **Defendant.**  | )   |                                  |

**ORDER**

This matter is before the court on motion of defendant, J.C. Penney Corporation, Inc., to re-tax costs. (Doc. 47). The motion to re-tax seeks the cost of deposition transcripts in the amount of $742.90 which was disallowed by the clerk.  To date, the court has received no objection to defendant's motion.   The court finds that the deposition costs were necessarily obtained for use in this case.  Therefore, defendant's motion to re-tax costs is due to be granted.

 "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." <u>Loughan v. Firestone Tire & Rubber Co.</u>, 749 F.2d 1519, 1526 (11th Cir.1985) (citing <u>United States v. Kolesar</u>, 313 F.2d 835 (5th Cir.1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. <u>Crawford Fitting Co</u>, 482 U.S. 437, 445 (1987).   The word "costs" is not synonymous with "expense." <u>Eagle Insurance Co. v. Johnson</u>, 982 F.Supp 1456, 1458 (M.D. Ala. 1997).   "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." <u>Id.</u> (citations omitted).   "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a

1

district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted).  Thus, the costs will almost always be less than the total expenses associated with the litigation.  Id. (citations omitted).

Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D.Ga.1992), aff'd, 991 F.2d 751 (Fed.Cir.1993)).  Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " Id. at 621 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)).  In this district, Standing Order 13 clarifies the issue by requiring the prevailing party to submit a "written representation  . . . that a substantial portion of the deposition was admitted in evidence on the trial of the case." (S.D. Ala. Standing Order 13 (June 1997)).  Otherwise the clerk may not tax the costs of either the original or a copy of a deposition unless otherwise ordered by the court. Id.

This case did not proceed to a trial as summary judgment was granted in favor of defendant.  The notation in the clerk's order taxing costs indicates that the deposition costs were disallowed pursuant to Standing Order 13.  The court has discretion to award costs under § 1920 regardless of the limitations of Standing Order 13.  Standing Order 13 provides that "any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to FED. R. CIV. P. 45(d) [sic] and Local Rule 54.1 and present the matter to the court."  Local Rule 54.1 provides the procedure for taxation of costs

2

by the clerk in this court.  It specifically states that "This order limits only the authority of the clerk to assess costs for certain items otherwise taxable under Section 1920 but does not limit a prevailing party's ability to recover under the statute."  Thus, if the expenses are specifically enumerated in § 1920, the court upon proper motion by the prevailing party, may tax the expenses although they were correctly disallowed by the clerk pursuant to Standing Order 13.

In this case, upon defendant's motion to re-tax, the court finds that the deposition transcripts were  "necessarily obtained for use in the case."  The depositions were of the plaintiff and of defendant's 30(b)(6) representative.  Portions from both depositions were relied on in defendant's summary judgment briefs.  Thus, the court will re-tax as costs the requested court deposition costs ($742.90) which were disallowed by the clerk.

## CONCLUSION

For the above reasons, defendant's motion to re-tax costs (Doc. 47) is **GRANTED**. Defendant is awarded costs in the total amount of **$992.90** (deposition costs in the amount of $742.90 plus the costs previously taxed by the clerk in the amount of $250.00 ).

**DONE and ORDERED** this 23rd day of May, 2006.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE